FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 15  AM 8:19

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH FRANCIS #87595**                 **CIVIL ACTION**

versus                                      **NO. 04-3377**

**LYNN COOPER, WARDEN**                     **SECTION: "K" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

DATE OF MAILING ___ FEB 1 5 2005 ___

DATE OF ENTRY
FEB 1 5 2005

Fee_____
Process___
X / Dktd___
___ CtRmDep___
___ Doc. No___

Petitioner, Kenneth Francis, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On April 10, 1989, petitioner pled guilty to two counts of armed robbery in violation of La.Rev.Stat.Ann. § 14:64 and to one count of aggravated burglary in violation of La.Rev.Stat.Ann. § 14:60.[2] On April 17, 1989, he pled guilty to being a second offender and was sentenced as such to a term of thirty-three years imprisonment on the first count of armed robbery. On the second count of armed robbery, he was also sentenced to a term of thirty-three years imprisonment. On the aggravated burglary conviction, he was sentenced to a term of fifteen years imprisonment. It was ordered that petitioner's sentences run concurrently and that he be given credit for time served.[3] He did not appeal either his convictions or sentences.

On June 27, 1989, petitioner filed with the state district court a motion for production of transcripts.[4] It is unclear whether the court ruled on that motion.

On or about September 10, 1991, petitioner filed with the state district court a motion for an extension of time to file a post-conviction application.[5] That motion was denied on January 10, 1992.[6]

---

[2] Supplemental State Rec., Vol. I of I, minute entry dated April 10, 1989; Supplemental State Rec., Vol. I of I, plea form.

[3] Supplemental State Rec., Vol. I of I, minute entry dated April 17, 1989.

[4] Supplemental State Rec., Vol. I of I.

[5] Supplemental State Rec., Vol. I of I.

[6] Supplemental State Rec., Vol. I of I, Judgment dated January 10, 1992.

On or about April 13, 1993, petitioner filed with the state district court an application for post-conviction relief.[7] On July 16, 1993, the state district court denied that application.[8]

On March 26, 1995, petitioner wrote a letter to the clerk of the state district court requesting a copy of the court reporter's notes.[9] On April 24, 1995, the clerk advised petitioner to contact the section of court in which he was convicted.[10]

On May 4, 1995, petitioner filed with the state district court a motion for production of his plea colloquy.[11] That motion was granted on August 4, 1995.[12] When he never received that transcript, petitioner filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus.[13] That application was granted on July 18, 1996, and the trial court was ordered to furnish petitioner with the transcript within sixty days.[14] When the trial court failed to comply with that order, petitioner filed with the Louisiana Fourth Circuit Court of Appeal a motion to compel and

---

[7] Supplemental State Rec., Vol. I of I.

[8] Supplemental State Rec., Vol. I of I, Judgment dated July 16, 1993.

[9] Supplemental State Rec., Vol. I of I, letter dated March 26, 1995.

[10] Supplemental State Rec., Vol. I of I, transmittal of document request dated April 24, 1995.

[11] Supplemental State Rec., Vol. I of I.

[12] Supplemental State Rec., Vol. I of I, Judgment dated August 4, 1995.

[13] Supplemental State Rec., Vol. I of I.

[14] State v. Francis, No. 96-K-1411 (La. App. 4th Cir. July 18, 1996) (unpublished); Supplemental State Rec., Vol. I of I.

enforce order.[15] That motion was granted on January 6, 1997, and the trial court was ordered to furnish petitioner with the transcript within thirty days.[16] In response to that order, the trial court, on March 18, 1997, ordered the court reporter to provide petitioner with the transcript on or before April 30, 1997.[17]

When the transcript still was not provided, petitioner filed with the Louisiana Supreme Court an application for a supervisory and/or remedial writ. On June 20, 1997, the Louisiana Supreme Court granted that application for the sole purpose of transferring it to the intermediate appellate court for enforcement of its prior orders.[18]

Again, the transcript was not provided, and petitioner filed with the Louisiana Supreme Court a motion to compel and enforce order.[19] On September 18, 1998, the Louisiana Supreme Court granted that application for the sole purpose of transferring it to the state district court for enforcement of its order of March 19, 1997.[20] On November 6, 1998, the court reporter filed with the state district court a certificate stating that he could not produce the transcript because

---

[15] State Rec., Vol. I of I.

[16] State v. Francis, No. 96-K-2490 (La. App. 4th Cir. Jan. 6, 1997) (unpublished); Supplemental State Rec., Vol. I of I.

[17] Supplemental State Rec., Vol. I of I, minute entry dated March 18, 1997.

[18] State ex rel. Francis v. State, 695 So.2d 1341 (La. 1997) (No. 97-KH-1489); Supplemental State Rec., Vol. I of I.

[19] Supplemental State Rec., Vol. I of I.

[20] State ex rel. Francis v. State, 721 So.2d 479 (La. 1998) (No. 98-KH-1165); Supplemental State Rec., Vol. I of I.

he was unable to locate his shorthand notes of the proceeding.[21] Petitioner then filed with the Louisiana Supreme Court an application for supervisory writs of mandamus.[22] On April 20, 2000, that application was granted and the state district court was ordered to comply with the Louisiana Supreme Court's prior orders in this matter.[23]

On May 1, 2001, petitioner filed with the state district court an application for post-conviction relief.[24] On February 8, 2002, he also filed with the state district court a motion for an evidentiary hearing.[25] When the trial court failed to rule on the application and motion, petitioner apparently filed with the Louisiana Fourth Circuit Court of Appeal an application for a supervisory writ.[26] On November 21, 2002, the intermediate appellate court denied that application because petitioner had not attached copies of his trial court filings.[27] On January 3, 2003, petitioner filed with the Louisiana Fourth Circuit Court of Appeal an application for supervisory writs of mandamus, this time attaching his lower court filings.[28] On February 21, 2003, the intermediate appellate court

---

[21] Supplemental State Rec., Vol. I of I.

[22] Supplemental State Rec., Vol. I of I.

[23] State *ex rel.* Francis v. State, 759 So.2d 770 (La. 2000) (No. 2000-KH-0885); Supplemental State Rec., Vol. I of I.

[24] Supplemental State Rec., Vol. I of I.

[25] Supplemental State Rec., Vol. I of I.

[26] That application is not in the state record filed with this Court.

[27] State v. Francis, No. 2002-K-2035 (La. App. 4th Cir. Nov. 21, 2002) (unpublished); Supplemental State Rec., Vol. I of I.

[28] State Rec., Vol. I of I.

denied that application, noting that petitioner's post-conviction claims were untimely.[29] Petitioner then filed with the Louisiana Supreme Court an application for a writ of review[30] which was denied on April 2, 2004.[31]

On August 1, 2004, petitioner filed this federal application for *habeas corpus* relief.[32] In support of his application, petitioner asserts the following claims:

1. Petitioner's due process rights were violated when the state court denied his post-conviction claims as untimely; and

2. Petitioner's guilty plea is invalid because the state cannot produce a copy of the plea colloquy showing that he was properly advised of his rights.

The state argues that petitioner's application is untimely under the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[33] Generally, the AEDPA requires that a petitioner bring his Section 2254 claims within one (1) year

---

[29] State v. Francis, No. 2003-K-18 (La. App. 4th Cir. Feb. 21, 2003) (unpublished); Supplemental State Rec., Vol. I of I.   In light of that ruling, the state district court subsequently denied as moot petitioner's post-conviction application and also denied the motion for an evidentiary hearing. Supplemental State Rec., Vol. I of I, minute entry dated March 20, 2003.

[30] State Rec., Vol. I of I.

[31] State *ex rel.* Francis v. State, 869 So.2d 872 (La. 2004) (No. 2003-KH-0916).

[32] Rec. Doc. 1.

[33] Rec. Doc. 3, pp. 5-7. The state also argues that petitioner failed to exhaust his remedies in state court.  Because petitioner's application is clearly untimely and should be dismissed on that basis, the Court need not reach that alternative argument.

of the date on which his conviction or sentence became final.[34] With respect to prisoners such as Francis whose conviction and sentence became final prior to the enactment of the AEDPA, the United States Fifth Circuit Court of Appeals has held that a one-year grace period applies and that the one-year statute of limitations began to run in such cases on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); see also United States v. Flores, 135 F.3d 1000 (5th Cir. 1998) (applying one-year grace period to actions filed pursuant to 28 U.S.C. § 2255). Therefore, the one-year period that petitioner had to file his application for federal *habeas corpus* relief expired on April 24, 1997, unless that deadline was extended through tolling.

---

[34] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, from April 24, 1996, through April 24, 1997, petitioner had no applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to tolling of the statute of limitations.[35] The only applications and motions petitioner had pending in the state courts during that period were those relating to his attempts to secure a copy of his plea transcript. However, such filings seeking production of transcripts or documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). Moreover, it is clear that petitioner's state appellate court filings, which were in the nature of applications for writs of mandamus, do not entitle

---

[35] The Court notes that petitioner filed a post-conviction application with the state district court on May 1, 2001. However, because that application was filed after the expiration of the AEDPA's one-year statute of limitations, the application and the related appellate court proceedings have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

petitioner to statutory tolling. See Moore v. Cain, 298 F.3d 361 (5th Cir. 2002), cert. denied, 537 U.S. 1236 (2003).

The Court next considers possible entitlement to equitable tolling. The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief. Moreover, to the extent that petitioner may believe that equitable tolling would be justified by the fact that he tried unsuccessfully for years to obtain a copy of his transcript, the Court notes that such delays do not warrant equitable tolling. "A state court's delay in furnishing the Petitioner with a transcript does not establish a basis for equitable tolling." Hickerson v. Kaylo, Civ. Action No. 03-1237, 2004 WL 241688, at *3 (E.D. La. Feb. 6, 2004) (Berrigan, J.) (and cases cited therein); see also Holmes v. Jones, Civ. Action No. 02-1509, 2003 WL 122311 (E.D. La. Jan. 10, 2003) (Duval, J.).

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 24, 1997, in order to be timely. Petitioner's federal application was not filed until August 1, 2004,[36] and it is therefore untimely.

---

[36] Petitioner signed his application for federal *habeas corpus* relief on August 1, 2004. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Kenneth Francis be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14 day of February, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).